■ INDUSTRIAL ACOUSTICS COMPANY, INC., Plaintiff, v MORGAN GUARANTY TRUST COMPANY OF NEW YORK et al., Defendants. INDUSTRIAL ACOUSTICS COMPANY, INC., Respondent, v AETNA CASUALTY AND SURETY COMPANY, Appellant. (Action No. 1.) INDUSTRIAL ACOUSTICS COMPANY, INC., Respondent, and AETNA CASUALTY AND SURETY COMPANY, Appellant, v CHASE MANHATTAN BANK, N.A., et al., Respondents. (Action No. 2.) CHASE MANHATTAN BANK, N.A., Third-Party Plaintiff-Respondent, v MARK CANTOR, Third-Party Defendant-Respondent. INDUSTRIAL ACOUSTICS COMPANY, INC., Respondent, and AETNA CASUALTY AND SURETY COMPANY, Appellant, v IRVING TRUST COMPANY et al., Respondents. (Action No. 3.) IRVING TRUST COMPANY, Third-Party Plaintiff-Respondent, v MANUFACTURERS HANOVER TRUST COMPANY et al., Third-Party Defendants-Respondents. MORGAN GUARANTY TRUST COMPANY OF NEW YORK, Third-Party Plaintiff-Respondent, v MANUFACTURERS HANOVER TRUST COMPANY, Third-Party Defendant-Respondent. CHASE MANHATTAN BANK, N.A., Third-Party Plaintiff-Respondent, v MANUFACTURERS HANOVER TRUST COMPANY, Third-Party Defendant-Respondent. — Order, Supreme Court, New York County (Price, J.), entered January 8, 1982, which (1) granted the cross motion of plaintiff-respondent Industrial Acoustics Company, Inc. (IAC), to sever the third-party and fourth-party claims from the

main claim in its action against Aetna Casualty and Surety Company (Aetna); (2) denied defendant-appellant's motion to strike such action from the trial calendar or, in the alternative, to dismiss the complaint by reason of plaintiff's willful failure to disclose; and (3) partially granted the motion of defendant, third-party defendant and fourth-party defendant to consolidate the four actions, unanimously modified, on the law and facts, without costs; the motion to sever is denied, the motion to consolidate is granted to the extent that all four actions are to be jointly tried, and the order is otherwise affirmed. These actions arise out of a series of alleged forgeries, alterations or misappropriations of plaintiff's checks and securities or both, by its former comptroller, Mark Cantor. The other parties to these actions are the banks involved in the transfer and negotiation of the allegedly forged and altered instruments, as well as defendant-appellant, Aetna, the insurer on a comprehensive dishonesty disappearance and destruction policy issued to plaintiff. It sufficiently appears from this record that the nature of the relationship between defendant Cantor and plaintiff IAC and the question as to whether IAC was aware or should have been aware of Cantor's actions prior to the date of the claimed discovery of its losses are common to all of these lawsuits, as will be the proof required to show the loss caused by Cantor. The possibility of inconsistent results in the event of separate trials of these actions as directed by Special Term is evident; thus a joint trial is appropriate. The cases relied upon by Special Term, all of which involved actions against a carrier's insured, are inapposite. Here, Aetna is a party defendant and its identity as an insurer will, perforce, clearly be before the jury in each of the actions. Concur — Murphy, P. J., Kupferman, Sullivan, Asch and Alexander, JJ.